**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

ARTHUR A. COFFMAN, III,

Plaintiff - Appellant,

v.

MICHAEL J. ASTRUE, Commissioner of
Social Security,

Defendant - Appellee.

No. 11-35009

D.C. No. 3:10-cv-05174-RBL

MEMORANDUM[*]

Appeal from the United States District Court
for the Western District of Washington
Ronald B. Leighton, District Judge, Presiding

Argued and Submitted February 8, 2012
Seattle, Washington

Before: SCHROEDER, ALARCÓN, and GOULD, Circuit Judges.

Arthur A. Coffman III appeals from the district court's decision affirming

the Commissioner of Social Security's ("Commissioner") final decision, which

concluded that Coffman is not entitled to Disability Insurance Benefits under Title

II or Supplemental Security Income under Title XVI of the Social Security Act.  42

---

[*] This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. Rule 36-3.

U.S.C. §§ 401–34, 1381–83.  We have jurisdiction under 28 U.S.C. § 1291, and we

**AFFIRM**.

The Commissioner's decision may be reversed only if it is not supported by

substantial evidence or is based on legal error.  *Edlund v. Massanari*, 253 F.3d

1152, 1156 (9th Cir. 2001).  Coffman contends that the Appeals Council erred by

not remanding in light of new evidence that Coffman submitted to the Appeals

Council.  When the Appeals Council denies a request for review, the ALJ's

decision becomes the final decision of the Commissioner, which we review on this

appeal.  The denial of review itself is a non-final agency action not subject to

judicial review.  *Taylor v. Comm'r of Soc. Sec. Admin.*, 659 F.3d 1228, 1231 (9th

Cir. 2011).  However, we can and here do consider the evidence submitted to the

Appeals Council "to determine whether, in light of the record as a whole, the

ALJ's decision was supported by substantial evidence and was free of legal error."

*Id*. at 1232.

Coffman contends that the ALJ improperly rejected his testimony because

the reasons he gave were not clear and convincing.  *See Reddick v. Chater*, 157

F.3d 715, 722 (9th Cir. 1998).  The ALJ discounted Coffman's credibility based on

inconsistent statements he made to his treatment providers and to the

Commissioner.  For example, Coffman denied substance abuse to some health care

providers but reported it to others; and his account of his disabling head injury is inconsistent with his earning records and with the report of his employer, who did not mention a head injury or note any change in his behavior at the time of the head injury. These findings are clear and convincing reasons to reject Coffman's testimony and are based on substantial evidence in the record. We are not persuaded by Coffman's attempts to explain away these inconsistences.

Coffman also contends that the ALJ did not fully and fairly consider the medical evidence, by giving insufficient weight to the opinions of Dr. Diller (Coffman's treating physician), Ms. Lagdan (Coffman's treating psychiatric nurse) and several examining psychologists. The opinion of a treating physician can be rejected only for clear and convincing reasons. *Id.* at 725. Testimony from "other sources," such as nurse practitioners, can be disregarded for germane reasons. *Turner v. Comm'r of Soc. Sec.*, 613 F.3d 1217, 1223–24 (9th Cir. 2010).

The ALJ rejected the opinion of treating physician Dr. Diller because he "seems unaware of [Coffman's] drug seeking behavior and does not address [Coffman's] disability conviction or lack of objective findings." The ALJ also found that "Ms. Lagdan is completely unaware of any history of substance abuse and finds that [Coffman] had bipolar disorder when there is no evidence of mania." Coffman contends that these are not valid reasons to reject the opinions of Dr.

Diller and Ms. Lagdan, but does little more than recount those opinions, quote the applicable legal standards, and assert that the ALJ erred. We hold that the ALJ's reasons meet the applicable legal standards and are supported by substantial evidence in the record.

Regarding Coffman's examining psychologists, the ALJ found that Coffman "has had a number of psychological evaluations but the diagnoses have varied significantly because [Coffman's] presentation and reported symptoms have changed." The ALJ weighed the medical evidence opinions and gave the most weight to Dr. McCollom, who concluded that Coffman's alcohol and drug abuse was a major contributor to his mental impairments, and that these impairments would likely cause him to have mild to moderate impairments handling work related stress over a normal 40-hour work week. Dr. McCollom said that Coffman's prognosis for work was poor because of his substance abuse, but that with treatment Coffman may be able to work.

The ALJ is responsible for resolving conflicts and ambiguities in the medical testimony. *Reddick*, 157 F.3d at 722. The ALJ "is entitled to draw inferences logically flowing from the evidence" and "need not substitute the judgment of expert witnesses for his own." *Sample v. Schweiker*, 694 F.2d 639, 642 (9th Cir. 1982). The evidence suggests that Coffman reported drinking daily and abusing

prescription drugs to some mental health professionals while denying past and present substance abuse to others. Substantial evidence supports the ALJ's inference that Coffman has had continuous problems with substance abuse, which he periodically concealed from his medical providers. Substantial evidence also supports the ALJ's finding that Coffman's symptoms have been inconsistent, and the inference that Coffman has not been wholly honest with his treatment providers about his symptoms follows logically from these inconsistencies and the ALJ's negative credibility finding. These are clear and convincing reasons to discount the opinions of the examining psychologists.

Because the ALJ did not err in discounting Coffman's credibility or improperly weigh the medical evidence, the ALJ's residual functional capacity assessment is supported by substantial evidence. The ALJ properly relied on the testimony of the vocational expert to conclude that Coffman could perform work that exists in significant numbers in the national economy.

**AFFIRMED.**